IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL ROBINSON,

    Plaintiff,

vs.

JOSE VAZQUEZ, Warden;
ALBERTO GONZALES,
Attorney General, and
BUREAU OF PRISONS,

    Defendants.

CIVIL ACTION NO.: CV207-082

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Federal Satellite Low in Jesup, Georgia, filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. § 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that the BOP's calculation of the duration of his custody is based upon inaccurate information. Plaintiff appears to allege that his conviction was invalidated by 28 U.S.C. § 2072(b), and that the BOP, having been informed of this fact, has a duty to investigate the same. Plaintiff contends that the BOP's failure to do so has deprived him of a liberty interest in violation of his Due Process rights.

In order to state a claim that Defendants violated his Due Process rights, Plaintiff must allege that he has been deprived of a liberty or property interest protected by Fifth Amendment. Cook v. Wiley, 208 F.3d 1314, 1322 (11th Cir. 2000). Plaintiff has failed to clearly allege the deprivation of any statutorily-created liberty interest, as the

provisions of the United States Code cited do not appear to create any prospect of early release, sentence reduction, or invalidation of his conviction.[1] "A prisoner has 'no constitutional or inherent right' in being released before the completion of a valid sentence," Id., and Plaintiff has failed to clearly allege how, exactly, his sentence is supposedly invalid.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 15th day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 2072 provides:

    (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.

    (b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

    (c) Such rules may define when a ruling of a district court is final for the purposes of appeal under section 1291 of this title.

The Court fails to see how this statute could invalidate Plaintiff's conviction or void his sentence.