IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL ROBINSON,

    Plaintiff,

vs.                                  CIVIL ACTION NO.: CV207-082

JOSE VAZQUEZ, Warden;
ALBERTO GONZALES,
Attorney General, and
BUREAU OF PRISONS,

    Defendants.

## ORDER

After an independent review of the record, the Court concurs with the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted. On June 27, 2007, Plaintiff filed an action in this Court pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Therein, he asserted generally that the Bureau of Prisons ("BOP") is maintaining inaccurate records, resulting in the erroneous calculation of the duration of his custody. Plaintiff averred that the BOP's failure to take action on these allegations deprived him of a liberty interest in violation of his Due Process rights. The Magistrate Judge found that Plaintiff failed to allege the deprivation of any liberty interest protected by the Constitution, and accordingly recommended dismissal of the Complaint. Plaintiff has filed Objections to the Report and Recommendation, wherein he contends that the

liberty interest implicated is his right to have the BOP investigate the accuracy of their records under BOP Program Statement 5800.11. Plaintiff contends that his claim has nothing to do with the records' alleged inaccuracies, but instead is about "the fact that the B.O.P. did not follow its own policy in a[n] equal manner. . . ." (Doc. No. 10, p. 1). Plaintiff also cites the Privacy Act purportedly in support of his position.

To the extent that Plaintiff attempts to bring a cause of action under the Privacy Act, neither his Complaint nor his Objections state a claim under that statute. The accuracy provisions of the Privacy Act require that federal agencies maintain records to be used in making determinations about individuals "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual . . . ." 5 U.S.C. § 552a(e)(5). Under the amendment provision, an individual may access agency records and request amendment of records believed to be inaccurate. 5 U.S.C. § 552a(d). Section (g) provides for a civil cause of action to enforce the accuracy and amendment requirements, and provides for actual damages, costs, and attorneys' fees where the agency's actions are willful or intentional. 5 U.S.C. § 552a(g).

Despite the availability of relief under section (g), however, section (j) allows an agency to establish regulations to exempt certain records systems from the requirements. 5 U.S.C. § 552a(j). Indeed, by its regulations, the BOP has exempted certain of its records systems pursuant to this statutory authority. Under 28 C.F.R. § 16.97, the Inmate Central Records System is exempt from the accuracy, amendment, and civil remedies sections of the Privacy Act. Though Plaintiff's pleadings are not entirely specific about which of his "records" are allegedly inaccurate, he complains that

the information is used to determine the duration of his custody. The Inmate Central File is the location at which information relating to sentence data and classification is kept as part of the Inmate Central Records System. See P.S. 5800.11 at 4-5. As these records are exempted from the pertinent provisions of the Privacy Act, Plaintiff has no cause of action under that statute for money damages or injunctive relief. See Scaff-Martinez v. Fed. Bureau of Prisons, 160 Fed. Appx. 955 (11th Cir. 2005) (affirming dismissal of federal inmate's Privacy Act claim for alleged failure of BOP to maintain accurate records).

Furthermore, to the extent that Plaintiff's allegations can be construed to seek relief for a constitutional violation pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), he also fails to state a cognizable claim. It is Plaintiff's contention that Defendants have failed to comply with BOP Program Statement 5800.11, which provides in pertinent part that "[a]n inmate may challenge the accuracy of the information in his or her Inmate Central File. Unit team staff shall take reasonable steps to ensure the accuracy of challenged information, particularly when that information is capable of being verified." P.S. 5800.11 at 19. Plaintiff attempts to extract a protected liberty interest from the seemingly mandatory language of this policy. However, in Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the Supreme Court made clear that it is not the mandatory language of the regulation but the actual deprivation itself which might conceivably create a liberty interest. Id. at 483, 115 S. Ct. at 2300 ("the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause").

AO 72A
(Rev. 8/82)

3

Plaintiff has failed to specify what determination has been adversely affected by the status of his records, and thus it is impossible to find that he has alleged some atypical, significant hardship implicating a liberty interest. This Court cannot find that the bare allegation of non-compliance with a prison regulation is sufficient to give rise to a constitutional violation. See Olim v. Wakinekona, 461 U.S. 238, 250, 103 S. Ct. 1741, 1748, 75 L. Ed. 2d 813 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."), modified on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

Finally, though Plaintiff vaguely accuses prison officials of "denying equal treatment," he has failed to allege specific facts constituting a valid constitutional claim. To state a claim for a violation of the Equal Protection Clause, an inmate must allege that other similarly situated inmates received more favorable treatment and that the discriminatory treatment was based on some constitutionally protected interest, such as race. Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001). Plaintiff's bare allegations have simply not alleged as much.

Accordingly, the Report and Recommendation of the Magistrate Judge is hereby adopted as the opinion of this Court. Plaintiff's Complaint is hereby **DISMISSED** for failure to state a claim upon which relief may be granted.

SO ORDERED, this 26 day of November, 2007.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)

4